PIERCE & a. v. RICKER & a.

Neither the discounting of interest amounting to a small sum on the sale of a note, nor the fact that the person selling indorses it "to be accountable without demand and notice," raises any inference of notice to the purchaser as to the invalidity of the note.

ASSUMPSIT founded on a note signed by the defendants, bearing date February 21, 1840, for $50, and made payable to one Jeremiah M. Rollins or his order in two years from the date thereof with interest, and by said Rollins negotiated to one Emerson, and by Emerson indorsed to the plaintiffs. The case was submitted to the determination of the court upon a statement of facts, from which it appeared that said Jeremiah M. Rollins filed a complaint in the name of the State, before said Emerson as a magistrate, on the 20th day of February 1840, charging the defendant Ricker with having committed the crime of adultery with his said Rollins' wife; that a warrant in due form of law was issued by Emerson upon said complaint, by virtue of which Ricker was arrested and carried before Emerson for examination; that before entering upon the examination a proposition was made to have the matter settled, which resulted in a settlement by the defendants signing notes to the amount of $200, of which this note is one; that Emerson was present and assisted in making the settlement, and knew for what the note was given; that in a few days afterward Emerson procured this note to be negotiated to him on an agreement with Rollins, that if the note could be collected he, Emerson, should discharge a demand due him from Rollins, and pay certain small debts due to other persons from Rollins; but Emerson was not to account for any thing if the note could not be collected, and he has neither discharged his own demand or paid out any thing in discharge of the others. Emerson negotiated the note to the plaintiffs on

the 4th day of February 1842, without the knowledge of Rollins, with an agreement on the back of said note that he would be accountable to the indorsers "without demand or notice;" that the plaintiffs paid to him at the time the note was indorsed to them the sum of $50; and the plaintiffs had no notice at the time of the want of a good consideration for the note.

*N. Eastman,* for the defendant.- The note could not have been collected by the payee. *Richardson* v. *Duncan,* 3 N. H. 508; *Shaw* v. *Spooner,* 9 do. 199; Buller's N. P. 172; nor by Emerson. 2 Stark. Ev. 282, 283. Are the plaintiff's *bonâ fide* indorsers for a valuable consideration? Emerson indorsed the note agreeing to waive demand and notice, and receiving not the sum due on the note, but the principal without the interest. *Jenness* v. *Bean,* 10 N. H. 266; *McDuffee* v. *Dame,* 11 do. 244; 2 Stark. 286. Any qualification given to the note takes it out of the rule.

*Wiggin* (with whom was *Hale*), for the plaintiff, argued that the plaintiffs are *bonâ fide* holders without notice, and on a valuable consideration; Story on Bills 214; 21 Wend. 490; 24 Wend. 115; 16 Peters 1; 1 Stark. 1; 3 Burr. 1664; 4 Bing. 411; unless the defence shows that the plaintiffs had knowledge of the circumstances. Story on Bills 211; 1 Stark. 385; 2 Esp. 348; Bayley on Bills 512, 516, ch. 12. The only exception is where a statute has made the note or bill void in the hands of every holder. Chitty on Bills 217; 3 Kent's Com. 80; 10 Ad. & El. 784; 4 do. 807. *Perkins* v. *Challis,* 1 N. H. 254.

PARKER, C. J. The note appears to have been given along with others, not merely to settle the damages sustained by Rollins, which standing alone would have been a good consideration, but the settlement included also, as a part of the consideration, the discharge of the criminal

prosecution which had been commenced. This was alto- gether illegal. *Shaw* v. *Spooner*, 9 N. H. 197; *Hinds* v. *Chamberlain*, 6 N. H. 225; *Plumer* v. *Smith*, 5 N. H. 553. Rollins could not have sustained a suit upon the note. *Clark* v. *Ricker* & a., 14 N. H. 44.

Emerson the first indorser had full knowledge of the transaction, and stood in no better situation.

But the plaintiffs appear to have purchased this note, and to have paid for it the amount of the principal, with- out any notice of its invalidity. There is nothing to show that this was not done in the ordinary course of business. The discount of the interest is not to a sufficient amount to render the transaction suspicious. Nor does the fact that Emerson indorsed stipulating that he would be holden without demand or notice, indicate of itself that the plaintiffs had notice, or should have made farther inquiry. Its tendency is rather to hold out on the part of the in- dorser strong evidence of confidence that the note would be promptly paid when it became due. The inference to be derived from it is the very reverse of that which might possibly be drawn from an indorsement "without re- course," if that would be sufficient. The plaintiffs there- fore appear to be *bonâ fide* indorsees for value before due, and are entitled to judgment.

*Judgment for the plaintiffs.*